UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KENNETH RAY BRADFORD**                                              CIVIL ACTION

**VERSUS**                                                            **NO. 13-6300**

**JAMES LEBLANC, SECRETARY FOR**                                      **SECTION "C"(2)**
**LOUISIANA DEPARTMENT OF PUBLIC**
**SAFETY AND CORRECTIONS, ET AL.**

## ORDER AND REASONS

Plaintiff, Kenneth Ray Bradford, an inmate currently incarcerated in the B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana, has submitted an application to proceed in forma pauperis in connection with the above-captioned 42 U.S.C. § 1983 complaint. Bradford seeks a preliminary injunction and temporary restraining order to prevent defendants from using his property, denying him access to the courts and adequate exercise, tampering with his legal mail, and retaliating against him for litigating to protect his property rights. Record Doc. No. 1, Complaint. His pauper application is a non-dispositive pretrial matter which was referred to the undersigned United States Magistrate Judge pursuant to Local Rule 72.1(B)(1) and 28 U.S.C. § 636(b).

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321, signed into law on April 26, 1996, now codified at 28 U.S.C. § 1915(g), provides that a prisoner shall not be allowed to bring a civil action pursuant to 28 U.S.C. § 1915 if he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on grounds that it was

frivolous, malicious, or failed to state a claim for which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

Bradford has been a frequent filer of civil actions while incarcerated. At least three (3) of his prior civil actions were dismissed as frivolous and/or for failure to state a claim: Kenneth Bradford v. James LeBlanc, C. A. No. 12-0427 (M.D. La. Oct. 31, 2012) (dismissed as frivolous and for failure to state a claim pursuant to 42 U.S.C. § 1915A); Kenneth Bradford v. James LeBlanc, C. A. No. 11-312 (M.D. La. Jul. 13, 2011) (dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)); Kenneth Bradford v. Kathleen E. Petersen, C. A. No. 04-809 (M.D. La. Mar. 9, 2005) (dismissed as frivolous under 42 U.S.C. § 1997e(e) and 28 U.S.C. § 1915A), aff'd, No. 05-30293, slip op. (5th Cir. Jul. 12, 2006) (unpub.). He has therefore accumulated three "strikes" under the PLRA.

Under these circumstances, plaintiff may not proceed as a pauper in this action unless he fits within the "imminent danger" exception of Section 1915(g). Plaintiff has not alleged, nor does his complaint demonstrate, anything establishing that he is in imminent danger of serious physical injury. Consequently, he is not entitled to proceed in forma pauperis pursuant to the provisions of the Prison Litigation Reform Act. For the foregoing reasons,

**IT IS ORDERED** that plaintiff's motion to proceed in forma pauperis is **DENIED** pursuant to 28 U.S.C. § 1915(g).

New Orleans, Louisiana, this    4th    day of November, 2013.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE